UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN MARZOLL,            )<br>                              )<br>         *Plaintiff*          )<br>                              )<br>v.                            )<br>                              )<br>MARINE HARVEST US, INC., et al.,  )<br>                              )<br>         *Defendants*         ) | Civil No. 08-261-B-S |

### *MEMORANDUM DECISION AND ORDER ON MOTION TO QUASH*

The plaintiff moves to quash a subpoena *duces tecum* served on his expert Lauren A. Hebert on September 1, 2009, on grounds, *inter alia*, that the subpoena, a form of discovery, was issued after the close of discovery.  *See* Plaintiff's Motion To Quash Subpoena Served on Lauren A. Hebert on September 1, 2009 ("Motion") (Docket No. 47).  For the reasons that follow, the motion is granted.

On or about May 26, 2009, defendants Cobscook Bay Salmon, True North Salmon US, Inc., Phoenix Salmon US, Inc., and New DHC, Inc. (collectively, "Cobscook Bay") noticed Hebert's deposition for June 10, 2009.  *See* Re-Notice To Take Oral Deposition of Lauren Hebert, DPT, OCS, Exh. B to Motion.  The notice directed Hebert, pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, to produce specified documents on the day of the deposition.  *See id*.  The plaintiff represents, and Cobscook Bay does not dispute, that Hebert was deposed on June 10, 2009, and produced the specified documents.  *See* Motion at 1-2; Defendants Cobscook Bay Salmon, True North Salmon US, Inc., Phoenix Salmon US, Inc., and New DHC, Inc.'s Objection to Motion To Quash ("Objection") (Docket No. 69).

1

The discovery deadline in this action was July 29, 2009. *See* Order (Docket No. 39). The plaintiff represents, and Cobscook Bay does not dispute, that Cobscook Bay served the instant subpoena, dated August 20, 2009, on Hebert on September 1, 2009. *See* Motion at 2; Exh. A thereto; Objection. The subpoena commanded Hebert to produce, on September 7, 2009, copies of six categories of documents or information, including all articles he had authored or co-authored that had been published in any form, all multi-media programs listed on his résumé, all produced videos listed on his résumé, all published books listed on his résumé, and all complaints, correspondence, notes, and records regarding any complaint lodged against him by anyone of any nature. *See* Exh. A to Motion.

Cobscook Bay argues that (i) Federal Rule of Civil Procedure 45 is not a discovery rule but rather governs trials, (ii) the rule would have permitted it to issue the same subpoena to Hebert on the eve of trial, although it would have been inefficient to do so, and (iii) if, as the plaintiff contends, the dispute is a discovery dispute, the plaintiff failed to conform to Local Rule 26, which prohibits written discovery motions without prior approval of a judicial officer and requires the party raising the issue to first confer with its opponent in a good-faith effort to resolve by agreement the issues in dispute. *See* Objection at 2-3. Cobscook Bay posits that the plaintiff "cannot have it both ways." *Id*. at 3.

The plaintiff is correct that the subpoena issued to its expert more than one month after expiration of the discovery deadline was a form of discovery. *See, e.g., Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 83 (D. Me. 2008) ("[C]ontrary to Horizon Lines' contention, there is a relationship between Rule 26 and Rule 45 and parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery.") (citation and internal quotation marks omitted); *Alper v. United*

*States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (questioning whether Rule 45 may be invoked to obtain documents from a party's expert witness; assuming *arguendo* that Rule 45 applies, "the subpoena at issue clearly constitutes 'discovery' within the meaning of Rules 26 and 34 and, as a result, comes up against the court's discovery schedule").

From all that appears, the documents in question could have been produced, to the extent in Hebert's possession, prior to expiration of the discovery deadline. As Cobscook Bay itself notes, it sought by way of the subpoena to obtain documents that Hebert identified during his deposition, which it does not dispute occurred on June 10, 2009, *see* Motion at 1; Objection at 1, well prior to the close of discovery.

Cobscook Bay's objection that the plaintiff failed to follow Local Rule 26 is misplaced in the circumstances. Cobscook Bay chose to issue a subpoena pursuant to Rule 45. The plaintiff permissibly responded by way of a motion to quash that subpoena, which it contended, *inter alia*, imposed an undue burden. *See* Motion; Fed. R. Civ. P. 45(c)(3)(A) (listing undue burden as among bases on which motion to quash may be filed); *see also, e.g., Alper*, 190 F.R.D. at 283 (ruling in context of motion to quash).

The Motion accordingly is **_GRANTED_**.

**_SO ORDERED_**.

Dated this 30th day of October, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge