UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| JONATHAN MARZOLL,         )<br>                                            )<br>     Plaintiff                        )<br>                                            )<br>v.                                       )<br>                                            )<br>MARINE HARVEST US, INC., et al,  )<br>                                            )<br>     Defendants                    )<br>                                            ) | Civil No. 08-261-B-S |

## ORDER AFFIRMING THE
## DECISIONS OF THE MAGISTRATE JUDGE

The United States Magistrate Judge filed with the Court on November 29, 2009, his Memorandum Decision on Motion to Exclude and Recommended Decision on Motions for Summary Judgment (Docket Nos. 88 & 89).

Defendants Cobscook Bay Salmon, True North Salmon US, Inc., Phoenix Salmon US, Inc., and New DHC, Inc. filed their Objection to the Memorandum Decision (Docket No. 90) on Cobscook Bay's Motion to Exclude Testimony of Dr. Lauren Hebert (Docket No. 51) on December 14, 2009.  Defendants Cobscook Bay Salmon, True North Salmon US, Inc., Phoenix Salmon US, Inc., and New DHC, Inc. filed their partial Objection to the Recommended Decision (Docket No. 91) on Plaintiff Marzoll's Motion for Partial Summary Judgment (Docket No. 48) on December 15, 2009.  Plaintiff filed his partial objection to the Recommended Decision (Docket No. 92) on Defendant Marine Harvest's Motion for Summary Judgment on Plaintiff's claims (Docket No. 52) on December 15, 2009.  Defendants Cobscook Bay Salmon, True North Salmon US, Inc., Phoenix Salmon US, Inc., and New DHC, Inc. filed their Objection to the Magistrate Judge's Recommended

Decision (Docket No. 93) on Marine Harvest's Motion for Summary Judgment on co-defendants' Cross-Claims (Docket No. 53) on December 16, 2009.  Plaintiff filed his Response (Docket No. 94) to the Objection filed by Cobscook Bay Salmon, et al (Docket No. 91) to the Recommended Decision on Plaintiff's Motion for Partial Summary Judgment (Docket No. 48) on December 18, 2009.  Plaintiff filed a Response (Docket No. 96) to Cobscook Bay Salmon, et al.'s Objection to the Magistrate Judge's Memorandum Decision (Docket No. 90) on December 23, 2009.  Defendant Marine Harvest filed a Response (Docket No. 97) to Plaintiff's Objection to the Recommended Decision (Docket No. 92) on January 4, 2010.  Defendant Marine Harvest filed a Response (Docket No. 98) to Co-Defendant Cobscook Bay Salmon, et al's Objection (Docket No. 93) to the Recommended Decision on January 4, 2010.

I have reviewed and considered the Magistrate Judge's Decision, together with the entire record.  As to the Memorandum Decision on the Motion to Exclude (Docket # 89), the Court has determined that the denial of Defendant's Motion to Exclude Testimony of Dr. Hebert is neither clearly erroneous or contrary to law and, thus, will not be modified or set aside in accordance with Federal Rule of Civil Procedure 72(a).  To the extent the Court is be required to consider any of the issues raised by Defendants' Objection (Docket #90) *de novo,* the Court concurs with the decision of the Magistrate Judge for the reasons explained in his detailed Memorandum Decision (See Docket # 88 st 2-22.)

As to the Recommended Decision on the various requests for summary judgment, I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore **ORDERED** that the Memorandum Decision on the Motion to exclude and Recommended Decision on Motions for Summary Judgment (Docket Nos. 88 & 89) is hereby **AFFIRMED** in its entirety.

2. It is hereby **ORDERED** that the Cobscook Bay Defendants' Motion to Exclude Dr. Hebert's testimony (Docket No. 51) is **DENIED**.

3. It is hereby **ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Docket No. 48) is **GRANTED**. It will therefore be deemed established as a matter of law in this case that: (a) the F/V Jocelyn Marie is a "vessel," (b) the plaintiff was a seaman for purposes of the Jones Act in August 2005, and (c) the plaintiff was employed at that time by SSF Maine, now Cobscook Bay, which is the appropriate Jones Act defendant.

4. It is hereby **ORDERED** that Marine Harvest's Motion for Summary Judgment (Docket No. 52) as to the Plaintiff's Jones Act and maintenance and cure claims is **GRANTED**, but is **DENIED** as to the Plaintiff's unseaworthiness claim.

5. It is hereby **ORDERED** that Marine Harvest's Motion for Summary Judgment (Docket No. 53) as to the Cobscook Bay Defendants' Cross-Claims is **GRANTED**.

6. It is hereby **ORDERED** that the Cobscook Bay Defendants' Motion for Summary Judgment (Docket No. 55) is **DENIED** as to the Plaintiff's claims.

/s/George Z. Singal_____
United States District Judge

Dated: January 7, 2010